UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

TERRE HAUTE - DIVISION

<div style="border:1px solid red">

**FILED**

**11/18/2024**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

</div>

Juan Antonio Cavazos, Jr.
            Plaintiff

            v

United States of America,
            Defendant

Cause No.:

1:24-cv-02047-JRS-KMB

CIVIL ACTION PURSUANT TO FEDERAL TORT CLAIM ACT

VERIFIED COMPLAINT FOR DAMAGES

Comes now, Juan Antonio Cavazos, Jr., Plaintiff as pro se, currently residing at Federal Correctional Institution Butner 1, in North Carolina, respectfully requesting this Honorable Court, that this civil claim be construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), also Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009); Doolittle v. Holmes, 306 Fed. App'x. 133 (2009).

INTRODUCTION

2. In general, a civil tort claim is a remedy for a wrong or injury that is committed against someone for which the law provides a remedy. Torts are civil, not criminal, in nature, and the purpose of a civil lawsuit is to compensate someone for wrongful injuries or damages that they received, where the main purpose is to punish the wrongdoer.

3. This formal complaint is pursuant to 28 U.S.C. §2671-§2680, filed by Plaintiff Cavazos, alleging a wrong or (physical and mental emotional distress) personal injury as being a victim of federal investigative employees' negligence and omission to investigate and provide police and government protection causing suffering and loss of enjoyment of life.

4. The cause of action that the United States (U.S.) and its employee(s) of U.S. Department of Justice (D.o.J.) and U.S. Bureau of Prisons (B.o.P.) of being negligent or committing a wronful act and/or omission by falling below the Standard of Conduct while acting the scope of hjs or her employement which complaint is brought forth pursuant to F.T.C.A. of Title 28 U.S.C. §2675, §1346(b) and §2671-§2680.

5. The F.T.C.A. was created so that federal agencies could be sued brought against the U.S. for the negligence or wrongful acts of its employee(s). Under F.T.C.A., however,

> Authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suit against such federal agency on claims which are congnizable under 28 U.S.C. §1346(b).

6. May this Honorable Court take judicial notice: the U.S. is liable under the F.T.C.A. for harm caused/done to Plaintiff Cavazos by federal employee(s) while acting within the scope of his or her office of eployment. 28 U.S.C. §2671-§2679(b)(1). Because the F.T.C.A. makes the U.S. liable only when the federal employee(s) is acting within the scope of his or her office or employment it is important to find out if the person who caused the damages or (physical) personal injury is a federal employee under the F.T.C.A.

7. Federal employee(s) is identified as "officer or employee of <u>any</u> federal agency of the U.S. while engaged in training or duty, and person acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the U.S. whether with or without compensation.

8. Plaintiff Cavazos, herein, may bring a civil complaint under F.T.C.A. when an investigative or law enforcement officer commits the tort (wrong) against  a person [Plaintiff]. Federal Correctional Officers (C.O.) are law enforcement officers because of the duties assigned to them by statute. 18 U.S.C. §3050; 5 U.S.C. §8331(20),; 18 U.S.C. §245(c), 18 U.S.C. §1515(a)(4); and 18 U.S.C. §2510(7).

9. The U.S. Supreme Court pointedly remarked that (federal) C.O.'s "qualify as investigative or law enforcement officers within the meaning of the F.T.C.A." See: <u>Millbrook v. United States</u>, 133 S. Ct. 1441, 18 U.S.C. §3050; showing that the conduct of an federal C.O. is covered by the F.T.C.A.'s law enforcement proviso and thus gives rise to a cause of action. The <u>Millbrook</u> decision in 2013 clarified the scope of the law enforcement prcvision. The provision extends to officers' acts or ommissions that arise within the scope of their employment. See: <u>5 U.S.C. §8331(20)</u> and <u>5 U.S.C. §8401(17)(a)(I)(d)</u>; (quoting <u>Duffin v. Carlson</u>, 636 F.2d at 713 (D.C. 1980).

10. Under the F.T.C.A., sovereign immunity is waived for personal injury caused by the negligence or wrongful acts or ommission of any employee(s) of the U.S. government while acting within the scope of his or her office of employment. See: <u>Ford v. Mitchell</u>, 890 F. Supp. 2d 24, 34-35 (D.D.C. 2012).

11. Under the F.T.C.A., the negligent guard theory is a theory of liability under which the Court clearly has subject matter of jurisdiction. See: Coulhurst v. United States, 214 F.3d at 110.

12. Plaintiff Cavazos seeks a monetary compensation amount of $20,000,000.oo for his injuries and damages caused.

13. The F.T.C.A. is exclusive remedy for claims that are cognizable under 28 U.S.C. §1346(b), which grants the federal district Court justification over tort claim against the U.S.

## JURISDICTION

14. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1346(b), §2671 - §2680, in that this is a civil action bringing claim against the U.S. for money damages, occuring between 2017 and 2023, for personal injury caused by the negligence or wrongful act or ommission of any employee(s) of the U.S. government while acting within the scope of his or her office of employment.

15. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1462(b) in that civil action on this tort claim against the U.S. is brought forth in the judicial District where the Plaintiff resided when the act or ommission (personal injury) complaint occured.

## PROCEDURAL HISTORY

16. From 2017 through 2023, Plaintiff Cavazos, while housed at USP Terre Haute, herein is a victim, of federal investigative employee(s) negligence and ommission to investigate and provide police and government protection causing suffering and loss of enjoyment of life. Federal Bureau of Prison employee(s) of said institution have an obligation/fiduciary duty to keep Plaintiff Cavazos safe and free from harm/danger from other inmates and persons as a "debriefed witness" of which employee(s) of the U.S. falling below the standard of conduct while acting within the scope of his or her office of employment.

17. Plaintiff Cavazos filed the Administrative Tort Claim (ATC) pursuant to 28 C.F.R. §14.2, §14.4, 28 U.S.C. §2675 and §2671-§2680 on November 6, 2023, before North Central Regional Offices. See: Livera v. First Nat'l. Bank of New Jersey, 879 F2d 1186 (3d Cir. 1989).

3

18. Plaintiff Cavazos' administrative tort claim was denied as unanswered on November ___,2024, and Plaintiff is dissatisfied with the disposition/decision made by the federal Bureau of Prisoons. Plaintiff Cavazos now proceeds to file a civil tort complaint against the U.S. for damages and personal injury compensation for its employee(s') gross act of negligence and negligent guard theory as well as breach of duties upon the scope of his or her employment of conduct.

## EXHAUSTION OF AVAILABLE REMEDY

19. Plaintiff Cavazos is currently residing at Federal Correctional Institution (FCI) Butner 1, whom has individually filed and exhausted all remedy available with the North Regional Offices, utilizing Standard Form 95 Claim for Damages, Injury or Death.

20. Any civil claims brought through the administrative remedies process must be properly exhausted as mandated at 28 U.S.C §2401 and 42 U.S.C. §1997(e)(a), as the civil claim before the Court has been properly exhausted pursuant to 28 U.S.C. §2675. Therefore, Plaintiff Cavazos, brings this lawsuit before this Honorable Court within the six (6) months allowed from the final denial of said Administrative Tort Claim by the North Central Regional Offices [agency].

21. Plaintiff Cavazos presents before this Honorable Court a copy of exhaustion of Administrative Tort Claim processed and recognized by North Central Regional Offices.

## STATEMENT OF FACTS

22-On November 2013, while at USP Pollock, Claimant Cavazos completed the U.S. Dep't. of Justices Debriefing Packet conducted by S.I.S. under guidance of the National Gang Unit.(then Special Investigation Unit) ultimately verifying him as a Texas Syndicate Drop-Out (former).

(NOTE: "Drop-Out" signifies an inmate has consciously decided to leave the gang by turning to D.o.J.'s Gang Intelligence recognizing that the requirement is to provide intel beneficiary to D.o.J., F.B.I. and Homeland Security.)(See Exhibit 1) (Affidavit)

23- In 2017, while at USP Terre Haute, Claimant met with A.W. Lammer and S.I.S. Lt. Mr. Sherman bringing forth notice that an known female (to him) was stalking him with intent to harass keeping him as a target aiding certain inmates. (No investigation was initiated.)

24- On August 2018, Claimant wrote a letter to the U.S. Courthouse bringing the (same) complaint of the criminal acts committed against his person by named women whom were aiding certain inmates. (One an active gang-member of 'Nuestra Defensa').(See Dkt: 172; Case No.: 9-CR-378-5, S.D. Texas)

4

25. On October 2018, a U.S. Probation Officer, Ms. Olivo, from Laredo, Tx called USP Terre Haute requesting Claimant Cavazos be interviewed in regards to the letter he mailed to - U.S. Courthouse - in August 2018. S.I.S. Lt. Ms Hernandez conducted the interview. (No investigation was conducted neither FBI involved as per request.)

(See Exhibit 2; also Affidavit ¶ 4 ; and FOIA Receipt)

26. On December 13, 2021, Claimant Cavazos reached out to Warden Watson requesting to file a report/charges with local authorities against the women aiding the inmates. This went ignored.(See Exhibit 3)

27. On February 1, 2022, Claimant Cavazos sent a written complaint via the Inmate Mail Box to Asst. Warden (A.W.) Ms. Hilliard, in which all details were explained. No response was given neither investigated. See: Exhibit 4

28. On July 22, 2022, Claimant Cavazos reached out to A.W. Ms. Hilliard explaining he wanted a specific copy of phone calls made by him to Laredo Police Dep't. Lt. Young interviewed Claimant Cavazos on July 27. No copies were provided neither thorough investigation. (See Exhibit 5; also Affidavit ¶ 5 )

29. On December 12 and 13, 2022, Claimant Cavazos sent out a complaint via U.S. mail to both U.S. Att. General Mr. M. Garland and to O. Inspector General Mr. Horowitz, explaining the same situation as he had done with all other administratives. (See Exhibit 6 and 7)
(No response nor interview/investigation was conducted)

30. On December 13, 2022, by rash impulse (mistakenly) Claimant Cavazos sent via email a same claim adding other important details to USP Terre Haute Disciplinary Hearing Officer which was meant to be sent to O.I.G. (See Exhibit 8 )(No notification was given of whether he forwarded the complaint to O.I.G. or S.I.S./S.I.A.)

31. On December 21, 2022, Claimant Cavazos emailed to Office of Inspector General an identical email (as to D.H.O.) via the "DOJ Sexual Abuse Report" link on Inmate Corrlink email system since it goes directly and privately from all institutional administration inluding S.I.S. (No investigation was ever conducted)

32. On February 28, 2023, Claimant Cavazos reached out to Warden Kallis via e-mail. S.I.A. Mr. Merchant interviewed Claimant from 1:45 p.m. to 2:15 p.m. No investigation was conducted. (Exhibit 9)
(See also; Affidavit ¶ 6 )

33. From 2017 to 2023, Claimant Cavazos was kept in the zone of danger and injured by negligence of administration and investigative officials' inattentiveness to his claims refusing to commence an investigation and neither contacting federal counterparts to conduct an investigation after showing probable cause of an ongoing crime linked to his 2008 state case [that of an active hit on his life and inmates scheming to carry it out], the loss of enjoyments of life with family, friends and other activities which all is evident in his communication systems.

34. May this Honorable Court take judicial notice that Plaintiff Cavazos has questioned before the North Central Regional Offices and the U.S. as to why was Plaintiff in this case kept in a zone of danger after he made numerous attempts to alert authorities of the crime committed against him as a debriefed witness/inmate and no protection nor investigation was given under the benefits due to witnesses? Said results demonstrating negligence in part by then Federal Correctional Complex Wardens and U.S. employee(s).

35. As all stated above was preventable if the U.S. and its employee(s) have upheld their fiduciary duty and standard of care, their negligency of their standard of employee conduct resulted in Plaintiff Cavazos' injury and freedom of enjoyments of life.

I, Juan Antonio Cavazos, Jr., Plaintiff, solemnly swear and declare under penalty of perjury to 20 U.S.C. §1746 and 18 U.S.C. §1001, §1642, that all states above as Statement of Facts is all true to the best of my knowledge and for and meant to lead properly.

Date: November 7, 2024

Respectfully,

Juan Antonio Cavazos, Jr.
Reg. # 27216-179

## COMPLAINT/CLAIM

36. This is an F.T.C.A. action brought by Claimant Cavazos, alleging a (wrong) personal injury that he suffered as a victim of the inattentiveness and/or laziness of B.o.P. investigative officials and administrators for not providing police nor governmental protection, as an debriefed informant, neither investigating his liable claims of crimes being committed against his person falling below their compliance with federal statutes also the loss of enjoyments of life wit family and other activities which is required by Title 5 U.S.C. §8331(20), 18 U.S.C. §245(c), and 18 U.S.C. §1515(a)(4)(A). Also mandated by Program Statement 1350.01 (Criminal Matter Referrals) and Program Statement 5508 (M.o.U.) which require that criminal matters happening within B.o.P. property or any territory of the U.S. be referred to U.S. F.B.I. and/or U.S. Attorney for investigation and/or other proceedings. And the custodian of said person has the duty to exercise reasonable care to preserve life, health and safety of the person (Claimant Cavazos) in custody. A duty owed to Cavazos by the U.S. and its employee(s) created by the 18 U.S.C. §4042 which provides in relevant part, that the B.o.P., shall (2) provide suitable quarters and provide for the safekeeping care and substenance of all persons charged with or convicted of an offense against the U.S. or held as witness or otherwise, and (3) provide for the protection , instruction and discipline of all persons charged with or convicted of offenses against the U.S. 18 U.S.C. §4042(a)(2)(3).

37. Claimant Cavazos, herein is permitted to sue the U.S. under the F.T.C.A. to recover damages from the U.S. for personal injuries and loss of enjoyment of life with family that Claimant suffered during confinement in a federal prison that resulted from the negligence of a (government) employee(s).

38. The U.S. and its employee(s) of (B.o.P.) USP Terre Haute failed through deliberate neglect to carry out precise and proper investigation and provide police and government protection after his informing the U.S. Courthouse and law enforcement investigative officials of pre-meditated plans and acts to carry out the hit on his life by certain inmates (with a history of pre-meditating hits and acting on them) along with named women out there in the world facilitating their plans and acts.

39. The U.S. and its employee(s) of B.o.P. failed through gross deliberate neglect to exercise ordinary diligence and reasonable care to keep Claimant Cavazos safe and free from harm by falling below the standard of care (standard of conduct-S.o.C.) to protect Claimant from the risk of assault by other inmates an co-conspirators outside of prison. As required at 18 U.S.C. §1515 (a)(4)(A), 18 U.S.C. 245(c), 18 U.S.C. §4042 and Program Statement 3420.11.

40. Claimant Cavazos contends that paragraphs 22 through 34 clearly demonstrate that the U.S. and its employee(s) of B.o.P. USP Terre Haute actions, and inactions, are intentional gross acts of negligence, per-se, wrongful act or omission of their official fiduciary duty by falling below the S.o.C. within the scope of his or her duties. Even claiming the "negligent guard" theory, all a violation of B.o.P. Program Statement 3420.11

7

(Standard of Employee Conduct) as follows:(1) inattentiveness to duty; (2) ignoring the potential danger of safety to inmate; (3) endangering the safety of and/or causing injury to Claimant through carelessness; (4) failure to conduct an investigation; (5) failure to provide police and/or government protection after being warned of continuous acts (criminal) against his person and the public; (6) negligence of duty; ar (7) infamous and disgraceful conduct by officials.

41. Claimant Cavazos contends that above stated P.S. 3420.11 (S.o.E.C.) applies to all employee(s) of the B.o.P. and all will conform to its procurement with integrity and will uphold the ethical rules governing their profession and the Bureau employee(s) who fail to abide by the ethical rules mandated at P.S. 3420.11 breaches 18 U.S.C. §4042 which statute creates a duty of care owed to those in custody by B.o.P. and said duty governed by statute 18 U.S.C. §4042(2)(3) requires B.o.P. employee(s) to exercise ordinary diligence to keep prisoners safe and free from harm. See: <u>Parrott v. United States</u>, 536 F. 3d 629, 637 (7th Cir. 2008).

42. In addition, B.o.P. P.S. 5180.05 provides an inmate the assurance of separation between inmates to prevent harm on the victim. This after thorough investigation by Special Investigative Agent. 28 C.F.R. §524.72(a) and (f) relative to Program Statement 5180.05.

43. Likewise, Indiana (tort) law, requires that when a party is in custody, the custodian has the duty to exercise reasonable care to preserve the life, health and safety of the person in custody. See: <u>Johnson v. Bender</u>, 174 Ind. App. 638, 642, 369 N.E. 2d 936, 939 (3d Dist. 1977); see also <u>Sanders v. County of Steuben</u>, 693 N.E. 2d 16, 18 (Ind. 1998).
( NOTE: The appropiate precaution will vary according to the facts and circumstances to protect an inmate from harm.)

44. Also, under Indiana (tort) law, a duty that arises by common-law or statute, if violated, fits within the negligence per-se standard. See <u>Stachowski v. Est. of Radman</u>, 95 N.E. 3d. 542, 544 (Ind. Ct. App. 2018), also, <u>Swanner v. United States</u>, 275 F.Supp. 1007, (M.D. Ala. 1967)

45. However, Claimant Cavazos is entitled to recovery upon first exhausting the Administrative Remedy with the agency as to where the injury and/or loss occured, as to F.T.C.A. pursuant to 28 U.S.C. §2675 and §1346(b), §2671-80. If Claimant Cavazos can prove that the B.o.P. employee(s) of said prison <u>USP Terre Haute</u> breached his or her duties through negligence has caused Claimant injury. See: <u>McGill v. Duckworth</u>, 944 F.2d 344, 349 (7th Cir. 1991); see also, <u>Buechel v. United States</u>, 746 F.3d. 753, 758 (7th Cir. 2014).

46. Claimant Cavazos, is entitled to recovery seeking damage must establish a negligence claim under Indiana tort law, and must establish three (3) elements: (1) the U.S. and its employee(s) owe a duty of care; (2) a breach of that duty; and (3) an injury proximately caused by the breach of duty. See: <u>Kader v. State Dep't. of Corrections</u>, 1 N.E. 3d 717, 727 (Ind. Ct. App. 2013) <u>Webb v. Jarvis</u>, 575 N.E. 2d 992, 995 (Ind. 1991).

8

47. Claimant has established under Indiana (tort) law a claim under F.T.C.A. against the U.S. and its employee(s) of B.o.P. premised upon negligence and Claimant has demonstrated and proved through facts and evidence that the U.S.: (1)owed a duty under 18 U.S.C. §4042; (2) that the U.S. and its employee(s) breached that duty through violation of B.o.P. Program Statement 3420.11 (S.o.E.C.) and 1350.01 (Criminal Matter Referrals). Also, failure to uphold statutes 18 U.S.C. §245(c), 18 U.S.C. §1515(a)(4) and 18 U.S.C. §2510(7) as mandated for law enforcement officials of B.o.P. Claimant suffered injury and loss of enjoyments of life with family for being exposed to directed and intentional assaults by active gang members of "Nuestra Defensa" and other dangerous inmates with prior history for assaulting/murdering witnesses and/or their families, an injury as the proximate cause resulting of the breach.

48. Claimant Cavazos contends that he has suffered mental and emotional distress as through being a (victim) of being exposed to danger and continuous assaults which Claimant has suffered panic attacks depression and continuous anxiety.(Symptoms displaying in body). Under Indiana tort law, recognizes a cause for negligent infliction of emotional distress, Claimant has suffered a physical injury and loss of enjoyments of life with family.

49. In order to state a claim under which relief can be granted for a tort of intentional infliction of emotional distress the Claimant (Cavazos) must allege physical injury and sufficient to meet the statutory criteria of 28 U.S.C. §1346(b)(2) and 42 U.S.C. §1997e(e).

50. To prove a claim for intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme (Claimant Cavazos being disregarded by authorities and continuously demsontrating inattentiveness to his claims and despair; (2) it must be intentional or reckless (failing to conduct and investigation even after the U.S. Courthouse [USS. Probation Officer Ms. Olive] and later Warden Kallis intervened asking for investigation into matter); (3) it must cause emotional distress (physical injury)(automatic cause of emotional distress suffering bodily symptoms for 6 years); and (4) that distress must be severe (Claimant's fear of death and kept in a zone of danger as well as continuous witnessing the deterioration of his familial ties and social ties to community and former childhood friends.

51. Claimant Cavazos contends that upon the severe and mental/emotional distress under the Indiana tort law as distinguished that "shock" to the Claimant/person (human being) "nervous system" which commonly regarded as "injury" to the "body" rather than the "mind" hence satisfies the requirement of "physical injury". See: e.g.: <u>Vanoni v. Western Airlines,</u> 1967, 247 Cal. App. 2d 793, 56 Cal. RPTR.

## CONCLUSION

The U.S. and its employee(s) of B.o.P. USP Terre Haute, are obligated by duty to provide a safe environment and protect

prisoners from the risk of danger and/or assaults at the hand of other prisoners

52. The U.S. and its employee(s) of B.o.P. USP Terre Haute breached their duty by failing to protect and/or contacting proper authorities to conduct thorough investigation even after. Claimant informed the Court and law enforcement officials of the scheme to carry out the hit on his life by certain inmates (active gang members within Drop-Out Prison) and several women (out of prison) who continuously stalked, intimidated and harassed Claimant for 6 years. Thus, showing a government created danger.

53. Pursuant to 28 U.S.C. §2675(b) §1346(b) and §2671-80 and 28 C.F.R. §14.2 the undersigned Claimant is required to request a specific sum of $20,000,000.oo, certain for the damages, (physical/mental/emotional distress trauma) personal injury sustained as all stated above at ¶'s 1 through 54. Claimant been exposed to danger by failure to (provide) protection neither investigate claims while in and under custody, care and ccontrol of the U.S. and its employee(s) of B.o.P. USP Terre Haute.

54. Claimant Cavazos request specific sums of damages said above and/or settlement with the agency responsible (B.o.P.) institution Bureau employee(s) negligence, wrongful act or omission while acting within the scope of his or her (fiduciary) duty) in office or employment.

## DAMAGES SOUGHT
## AFFIDAVIT IN SUPPORT OF CLAIMS MADE

The facts stated above in this (ATC) under F.T.C.A. are within a personal knowledge and all written herein is true and correct.

The above style of the case, Claimant Juan Antonio Cavazos, Jr., declares under penalty of perjury under 28 U.S.C. §1746 and 18 USS.C. § 1001, that the above mentioned is true and correct to the best of my knowledge and ability. This A.T.C. is signed on this __7__ day of November, 2024.

Respectfully Submitted,

Juan A. Cavazos
Reg. # 27216-179
FCI Butner 1
P.O. Box 1000
Butner, NC 27509

10